UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RONALD L. DAVIS, )
)
    *Plaintiff*, )
) No. 1:08-cv-173
v. )
) *Judge Edgar*
JIM MORROW, DIANA MCELHANEY, )
CHARLES BRYMER, AND JOE ENGLAND, )
)
    *Defendants*. )

## MEMORANDUM

Ronald L. Davis, a prisoner housed at Northeast Correctional Complex Main (NECX) in Mountain City, Tennessee, has submitted this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Court File Nos. 3 & 1). Under 28 U.S.C. § 1915(g), however, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The sole exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, the plaintiff, an experienced litigator, has had more than three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See Davis v. Bradley*, Civil Action No. 3:95-CV-448 (M.D. Tenn. May 2, 1995) (Order dismissing case as frivolous); *Davis v. Bradley*, Civil Action No. 3:94-CV-418 (M.D. Tenn. May 18, 1994) (Order dismissing case as frivolous); *Davis v. Morris*, Civil Action No. 1:93-CV-120 (M.D. Tenn. July 22, 1993) (Order dismissing case as frivolous); *Davis v. Bell*, Civil Action No. 1:93-CV-8 (M.D. Tenn. August 18,

1

1993) (Order dismissing case as frivolous); *Davis v. Patterson*, Civil Action No. 1:93-CV-44 (M.D. Tenn. August 17, 1993) (Order dismissing case as frivolous); *Davis v. Harris*, Civil Action No. 1:92-CV-83 (M.D. Tenn. July 28, 1992) (Order dismissing case as frivolous); *Davis v. Crossnos*, Civil Action No. 1:92-CV-79 (M.D. Tenn. July 17, 1992) (Order dismissing case as frivolous); *Davis v. Roberts*, Civil Action No. 1:92-CV-18 (M.D. Tenn. March 30, 1992) (Order dismissing case as frivolous); *see also Davis v. Cook*, 248 F.3d 1147 (6th Cir. 2001) (unpublished table decision), available at 2001 WL 128320 (affirming district court's order dismissing § 1983 action pursuant to the three-dismissal rule) and *Davis v. Pugh et. al.,* Civil Action No. 1:08-cv-21 (E.D. Tenn. Feb. 15, 2008) (Order dismissing case under the 3-strikes provision of 28 U.S.C. § 1915(g)).

The Court has reviewed the complaint and finds that, while the plaintiff claims to be in imminent danger, he has not described any factual scenario to support his claim of physical endangerment (Court File No. 3). Plaintiff alleges Defendants reclassified him eight months before his reclassification date and transferred him to a facility where he was previously housed in 2000 at which time he was placed in protected custody to protect him from incompatible inmates or enemies. Plaintiff does not, however, allege that he is being housed with incompatible inmates or enemies. It appears Plaintiff is complaining about his classification and being housed at NECX.

These claims do not amount to imminent danger of physical injury. Plaintiff's claims do not result in imminent danger that may cause serious physical harm. Therefore, these claims are not excepted from the three strikes provision of 1915(g) and the Court declines to discuss them further.

In sum, after examining the pleading, the Court does not find the Plaintiff's allegations of imminent danger of serious physical injury to be credible. These vague allegations of danger are insufficient to allow Plaintiff to proceed *in forma pauperis* pursuant to the imminent danger

exception. Plaintiff's allegations, even if true, do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious physical injury. Therefore, his motion to proceed *in forma pauperis* will be **DENIED** (Court File No. 1) and this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) (Court File No. 3).

An appropriate judgment will enter.


       */s/ R. Allan Edgar*
       R. ALLAN EDGAR
   UNITED STATES DISTRICT JUDGE